UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PIPER M. KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-01610-SRC |
| | ) | |
| MERCY HOSPITAL SOUTH, a | ) | |
| Missouri non-profit organization, | ) | |
| | ) | |
| Defendant. | ) | |

## Memorandum and Order

Piper Kelly seeks to voluntarily dismiss her case against Mercy Hospital South so that she may refile this case in state court, immediately serve Mercy with process, and avoid this Court's jurisdiction. Mercy argues that the Court should deny Kelly's motion as an improper forum-shopping measure. Because the Court finds Kelly's reason for dismissal improper and finds that a dismissal would result in a waste of judicial time and effort, the Court denies the motion.

## I.    Background

Kelly is a former employee of Mercy Hospital South. Doc. 6 at ¶ 8. She initially filed this case in the Circuit Court of the City of St. Louis, Missouri on October 22, 2025. *See id.* at 1 (The Court cites to page numbers as assigned by CM/ECF.). She alleges that Mercy terminated her employment while she was hospitalized and backdated her termination date to erase her insurance coverage during her period of hospitalization. *Id.* at ¶¶ 8–17.

Kelly brings several state-law claims against Mercy, including: (1) retaliation in violation of the Missouri Whistleblower Protection Act, *id.* at ¶¶ 25–30; (2) wrongful termination in violation of Missouri public policy, *id.* at ¶¶ 31–40; (3) negligence, *id.* at ¶¶ 41–45; (4) breach

of contract, *id.* at ¶¶ 46–50; (5) promissory estoppel, *id.* at ¶¶ 51–55; (6) fraudulent

misrepresentation, ¶¶ 56–61; (7) negligent infliction of emotional distress, *id.* at ¶¶ 62–67;

(8) intentional infliction of emotional distress, *id.* at ¶¶ 68–74; (9) tortious interference with

contractual relations, *id.* at ¶¶ 75–81; (10) vexatious refusal to pay, *id.* at ¶¶ 82–91; and

(11) defamation per quod, *id.* at ¶¶ 92–98.  For relief, Kelly seeks over $100,000 in

compensatory damages, as well as punitive damages, pre- and post-judgment interest, and

attorneys' fees.  *Id.* at 22.

Mercy removed this case to federal court one week after Kelly filed her Petition in state

court.  *See* docs. 1, 6 (A "petition" in Missouri state court serves as the analogue of a federal

"complaint.").  It asserts that, although it is a Missouri citizen (and therefore a "forum

defendant," *see* 28 U.S.C. § 1441(b)(2)), it properly "snap removed" this case to federal court

because it did so before it was "properly joined and served" in the state-court action.  Doc. 1 at

3–7; *M&B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1109–10 (8th Cir. 2023)

(explaining snap removal).  One day after filing its Notice of Removal, Mercy filed an answer to

Kelly's complaint.  *See* doc. 5.  About one month later, Kelly moved to voluntarily dismiss her

case under Federal Rule of Civil Procedure 41(a)(2).  *See* doc. 14 at 1.  The parties have fully

briefed this motion.  Docs. 14–16.

The parties originally disagreed about Kelly's domicile and thus disputed whether the

Court had diversity jurisdiction over this action.  Kelly maintained that she was a Missouri

citizen, doc. 6 at ¶ 3, while Mercy asserted that Kelly was an Illinois citizen, doc. 1 at 2.  The

Court had the parties conduct jurisdictional discovery, doc. 20 at 5–6, before holding an

evidentiary hearing in June 2026, *see* doc. 37.  After the hearing, the Court found that Kelly was

a citizen of Illinois for diversity purposes and that the Court therefore had diversity jurisdiction

over this action.  Doc. 40.

2

The Court instructed Kelly to update the Court about whether she intended to further pursue her motion for voluntary dismissal.  *See* doc. 37.  Kelly timely filed her status report, which stated that she "does not intend to continue litigating this matter in this Court and instead seeks to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2)."  Doc. 41 at 1.  The Court now takes up Kelly's motion.

## II.      Standard

After a defendant serves either an answer or a motion for summary judgment, a plaintiff may voluntarily dismiss an action without the consent of the other parties "only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2); *see* Fed. R. Civ. P. 41(a)(1)(A).  "A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court."  *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (citation omitted).  When deciding a Rule 41(a)(2) motion, the Court must consider (1) whether plaintiff has presented "a proper explanation for its desire to dismiss," (2) "whether a dismissal would result in a waste of judicial time and effort," and (3) "whether a dismissal will prejudice the defendant[]."  *Tillman v. BNSF Ry. Co.*, 33 F.4th 1024, 1027 (8th Cir. 2022) (quoting *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013)).  "Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum."  *Hamm*, 187 F.3d at 950 (citations omitted).

"The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals [that] unfairly affect the other side."  *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987).  Along those lines, the Eighth Circuit has identified several factors relevant to the prejudice inquiry. These include, but are not limited to, (1) "the defendant's effort and the expense involved in preparing for trial," (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action," (3) the fact that the defendant has filed a motion for summary judgment,

3

(4) the "emotional and psychological trauma associated with the experience of defending another lawsuit," and (5) "the prejudice resulting from uncertainty over title to land." *Id.* at 783.

## III. Discussion

### A. Motion to voluntarily dismiss

#### 1. Kelly's reason for dismissal

The Court first notes that Kelly's motion, doc. 14, does not comply with Local Rule 4.01(A) because Kelly did not file a memorandum in support of her motion. *See* E.D.Mo. L.R. 4.01(A). Nevertheless, the Court considers the parties' arguments.

The Court must "address [Kelly's] purported reason for the voluntary motion to dismiss and determine whether [her] stated purpose is proper." *Tillman*, 33 F.4th at 1028 (citation modified). Kelly seeks dismissal so that she may "effect formal service through [Mercy's] registered agent immediately upon refiling" this case in state court. Doc. 14 at ¶ 1. She argues that voluntary dismissal would avoid the "procedural uncertainty" regarding jurisdiction and service of process that resulted from Mercy's snap-removing the case to federal court after previously agreeing to waive service. *Id.* at ¶ 5; *see id.* at ¶ 1; *see also* doc. 16 at 3, 7–9. Mercy counters that Kelly seeks dismissal merely "to avoid an adverse decision or seek a more favorable forum." Doc. 15 at 9 (quoting *Calahan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005)). The Court finds Kelly's reason for dismissal improper for several reasons.

First, the proper avenue to challenge a defendant's removal is a motion to remand, not a motion to voluntarily dismiss. *See* 28 U.S.C. § 1447(c). Kelly needed to file her motion to remand challenging Mercy's snap removal "within 30 days after the filing of the notice of removal," *id.*, which she did not do. Kelly therefore waived her right to challenge Mercy's snap removal of this action. *See Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (holding that "violation of the forum-defendant rule is a nonjurisdictional defect in removal that

is waived if not raised in a motion to remand made within 30 days after the filing of the notice of removal" (citation modified)).  And because the Court has already resolved any questions related to subject-matter jurisdiction, *see* doc. 40, Kelly cannot now file a motion to remand on that basis, either.  *See* 28 U.S.C. § 1447(c) (excluding from the 30-day deadline any motion to remand based on the "lack of subject matter jurisdiction").

Second, even if Kelly had filed a motion to remand, the motion would have been futile, as this Court finds both that snap removal is proper and that the Court has subject-matter jurisdiction over this case.  *See Marshall v. Mercy Hosp. E. Cmtys.*, No. 4:25-cv-01410-SRC, 2026 WL 1875446, at *2–3 (E.D. Mo. June 30, 2026) (adopting a textual reading of the removal statute and finding snap removal permissible); doc. 40.

Third, Kelly does not cite any other, permissible motive for seeking dismissal, such as avoiding multiplicitous litigation and the risk of inconsistent verdicts or adding a diversity-destroying defendant.  *See Tillman*, 33 F.4th at 1029 (finding that plaintiff's desire "to avoid multiplicitous litigation and the risk of inconsistent verdicts" was a proper purpose for voluntary dismissal); *Blaes v. Johnson & Johnson*, 858 F.3d 508, 513 (8th Cir. 2017) (finding that consolidating plaintiff's case with other, similar state-court cases was a proper purpose for voluntary dismissal); *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) (finding that plaintiffs' desire to add "a legally viable claim against a diversity-destroying defendant" was a proper purpose for voluntary dismissal).  Thus, the Court can only presume that Kelly's seeking to refile in state court and immediately effect formal service on Mercy's registered agent is an attempt to avoid this Court's jurisdiction and seek a more favorable forum.

But the Eighth Circuit has "repeatedly stated that it is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum." *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011) (citing *Calahan*, 423 F.3d at 818).  In the

5

removal context, "this rule coincides with other measures which 'strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court.'" *Id.* (quoting *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011)). Having found that Mercy properly removed this case to federal court, and that Kelly offers no valid reason for voluntary dismissal, the Court finds that this factor weighs in favor of keeping Kelly's case in federal court.

### 2.   Waste of judicial time and effort

The Court must next consider "whether a dismissal would result in a waste of judicial time and effort." *Tillman*, 33 F.4th at 1027 (quoting *Donner*, 709 F.3d at 697).  The Eighth Circuit has held that "judicial time and effort are not wasted where much of the evidence may be used in state court." *Blaes*, 858 F.3d at 513.  Here, the Court ordered the parties to conduct jurisdictional discovery, doc. 20 at 5–6, facilitated a discovery dispute between the parties, *see* docs. 21–27, and held an evidentiary hearing, *see* doc. 37.  But this discovery related only to Kelly's citizenship for diversity purposes—a question of federal subject-matter jurisdiction.  *See* 28 U.S.C. § 1332(a)(1).  So, unlike in *Blaes*, the parties likely could not use this evidence in state court.  *See* 858 F.3d at 513.  Thus, while Kelly's case is still in an early stage, the Court finds that this factor weighs, however slightly, in favor of keeping Kelly's case in federal court.

### 3.   Prejudice to Mercy

Finally, the Court must consider "whether a dismissal will prejudice [Mercy]." *Tillman*, 33 F.4th at 1027 (quoting *Donner*, 709 F.3d at 697).  Kelly argues that dismissal will not prejudice Mercy because the case is still in an early stage and Mercy can raise any defenses in the refiled action.  Doc. 14 at ¶¶ 6–9; *see also* doc. 16 at 4–7.  Mercy counters that the Court should deny Kelly's motion out of fairness to Mercy because this case "has been actively and hotly contested outside the court system for the better part of [2025]."  Doc. 15 at 10–11.  Mercy

6

further argues that (1) Kelly is an Illinois citizen, meaning the Court has subject-matter jurisdiction over this case; and (2) Kelly did not contest the Court's lack of jurisdiction via a motion to remand.  *Id.*  But the Court has already addressed the jurisdictional and remand arguments, as explained above.  *See Holbein*, 983 F.3d at 1053; *Marshall*, 2026 WL 1875446, at *2–3; doc. 40.

"Legal prejudice means 'something other than the necessity that defendant might face of defending another action.'"  *Mullen*, 770 F.3d at 728 (citation omitted).  Here, Mercy does not articulate how the Court's dismissing this action would prejudice Mercy beyond its having to defend against Kelly's anticipated state-court action.  *See id.*; *see also Paulucci*, 826 F.2d at 783 (listing various factors courts consider in the prejudice inquiry).  Nor could it do so, as "[t]he expense and effort of drafting and responding to discovery prior to dismissal does not constitute legal prejudice."  *Mullen*, 770 F.3d at 728.  Because dismissal would not prejudice Mercy, the Court finds that this factor weighs in favor of dismissing Kelly's case.  The Eighth Circuit has stated that "[c]ourts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit."  *Tillman*, 33 F.4th at 1030.  But this general rule does not clearly override the Eighth Circuit's statement that "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum."  *Hamm*, 187 F.3d at 950 (citations omitted).

Thus, having weighed all the relevant factors, *see Tillman*, 33 F.4th at 1027, the Court finds voluntary dismissal of this action inappropriate.  The Court therefore denies Kelly's motion.  Doc. 14.

## B. Ethics of representation

The Court separately notes that, at the evidentiary hearing following jurisdictional discovery, *see* doc. 37, Kelly and one of her attorneys, Joseph Carnduff, testified that they have

been in a romantic relationship for years, live together, share a child, and have plans to marry in the future. While Missouri's Rules of Professional Conduct do not outright prohibit romantic relationships that predate the lawyer-client relationship, *see* Mo. R. Pro. Conduct 4-1.8(j), the comments to this rule instruct the lawyer to "consider whether the lawyer's ability to represent the client will be materially limited by the relationship," *id.* at cmt. 21. Further, Rule 4-1.7(a) states that "a lawyer *shall not* represent a client if the representation involves a concurrent conflict of interest," which exists when "there is a significant risk that the representation of [a client] will be materially limited . . . by a personal interest of the lawyer." Mo. R. Pro. Conduct 4-1.7(a) (emphasis added). Based on the foregoing, and the evidence at the hearing that Carnduff hopes that Kelly will someday marry him, the Court questions whether Carnduff can continue to ethically represent Kelly in this matter.

## IV.    Conclusion

Accordingly, the Court denies Kelly's [14] Motion to Dismiss Without Prejudice Under Rule 41(a).

So ordered this 29th day of July 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

8