UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PIPER M. KELLY,<br><br>Plaintiff,<br><br>v.<br><br>MERCY HOSPITAL SOUTH, a Missouri non-profit organization,<br><br>Defendant. | ) | Case No. 4:25-cv-01610-SRC |

**Case Management Order - Track 2: Standard**

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan, the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri, and the Rule 16 Conference held on September 14, 2026, the Court orders that the below schedule applies in this case. The Court will only modify this schedule upon a showing of exceptional circumstances. The Court orders counsel to review and comply with this case-management order and the undersigned's Judge's Requirements in their entirety.

## I. Scheduling plan

A. The Court assigns this case to Track 2: Standard.

B. No later than **October 15, 2026**, the parties must file any motions for joinder of additional parties or amendment of pleadings. Parties must serve any newly added Defendants via summons, not waiver.

C. Disclosure must proceed in the following manner:

1. No later than **September 28, 2026**, the parties must make all disclosures required by Federal Rule of Civil Procedure 26(a)(1).

2. No later than **November 13, 2026**, Plaintiff must disclose all expert witnesses and must provide the reports required by Federal Rule of Civil Procedure 26(a)(2).

3. No later than **December 18, 2026**, Plaintiff must make expert witnesses available for depositions, and have depositions completed.

4. No later than **January 22, 2027**, Defendant must disclose all expert witnesses and must provide the reports required by Federal Rule of Civil Procedure 26(a)(2).

5. No later than **February 26, 2027**, Defendant must make expert witnesses available for depositions, and have depositions completed.

6. The presumptive limits of 10 depositions per side, as set forth in Federal Rule of Civil Procedure 30(a)(2)(A), and 25 interrogatories per party, as set forth in Federal Rule of Civil Procedure 33(a), apply.

7. No later than **December 4, 2026**, the parties must make any requests for physical or mental examinations of parties, pursuant to Federal Rule of Civil Procedure 35.

8. No later than **January 22, 2027**, the parties must complete any physical or mental examinations.

9. No later than **March 29, 2027**, the parties must complete all discovery.

10. Parties must pursue discovery motions in a diligent and timely manner, and must file any discovery motion by no later than **March 18, 2027**. Parties must refer to the undersigned's Judge's Requirements regarding discovery motions, which is located on the Eastern District of Missouri's website.

D. On **December 1, 2026**, the Court will refer this case to alternative dispute resolution, and that reference will terminate on **February 17, 2027**.

E. No later than **April 28, 2027**, the parties must file any motions under Rules 702 or 703 of the Federal Rules of Evidence (colloquially referred to as *Daubert* motions) or motions for summary judgment. Local Rule 4.01 governs response times for all motions unless otherwise provided by order of the Court. The undersigned's Judge's Requirements provide additional parameters for 702, 703, and summary-judgment motions.

F. The Court orders that the parties meet and confer in a good faith attempt to resolve issues presented in any forthcoming dispositive motions and Federal Rule of Evidence Rule 702 or 703 motions. During the meet and confer, the parties must discuss whether more than one party intends to file a dispositive motion; if so, counsel for those parties must meet and confer to identify all facts as to which those parties agree no dispute exists. No later than **two weeks before the filing of any dispositive motion or Federal Rule of Evidence Rule 702 or 703 motion**, but no later than **April 14, 2027**, the parties must file a written report related to this required discussion, noting any complete or partial resolutions and including any facts as to which the parties agree no dispute exists.

G. On **September 27, 2027**, at **2:00 p.m.**, the Court will hold pretrial conference in Courtroom 14-North.

## II. Order relating to trial

The Court sets this case for a **<u>BENCH</u>** trial on **<u>October 4, 2027</u>**, at **<u>9:00 a.m.</u>** The Court uses a three-week docket.

**<u>No less than 21 days before trial</u>** (unless otherwise ordered by the Court), the parties must:

A. <u>Stipulation</u>: Meet and jointly prepare and file a JOINT stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation.

B. <u>Trial brief</u>: Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

C. <u>Witnesses</u>:

1. File a list of proposed witnesses, identifying those witnesses whom the parties will call to testify and those whom the parties may call.

2. The Court will not permit any party to call any witnesses not listed in compliance with this Order, except upon a showing of good cause.

3. No party may present witness testimony in the form of a deposition except on motion and notice setting forth exceptional circumstances making it desirable—in the interest of justice and with due regard to the importance of live testimony in open court. Fed. R. Civ. P. 32(a)(4)(E).

D. <u>Exhibits</u>:

1. Mark for identification all exhibits the parties intend to offer in evidence at the trial. For labeling of exhibits, Plaintiff must use numbers, in counting order, beginning with "1" (i.e., 1, 2, 3, etc.), and Defendant must use numbers, in counting order, beginning with "1001" (i.e., 1001, 1002, 1003, etc.). If Plaintiff has more than 999 exhibits, then Plaintiff must so apprise the Court no later than at the pretrial conference.

2. File a list of the exhibits, identifying those that the party will introduce into evidence and those that may be introduced. The list must clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Federal Rule of Evidence 902(11) or 902(12).

3. Submit all exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Federal Rule of Evidence 902(11) or 902(12), to

opposing counsel for examination. Before trial, the parties must stipulate which exhibits may be introduced without objection or preliminary identification, and must file written objections to all other exhibits.

4. The Court will not allow any party to offer any exhibits not identified or not submitted to the opposing party for examination, in compliance with this Order, except as provided by Federal Rule of Civil Procedure 26(a)(3)(A) or upon a showing of good cause. The Court may consider as waived any objections not made in writing **at least 14 days before trial**.

E. Depositions, interrogatory answers, and request for admissions:

1. File a list of all interrogatory answers, or parts thereof, and depositions, or parts thereof (identified by page and line numbers), and answers to requests for admissions the parties propose to offer in evidence. Parties may only use depositions during a court proceeding in compliance with Federal Rule of Civil Procedure 32.

2. **At least 14 days before trial,** the opposing counsel must state in writing any objections to such testimony and must identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

3. Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. The Court may consider as waived any objections not made as required above.

F. Motions in limine:

1. **At least 14 days before trial**, the parties must file all motions in limine to exclude evidence, and submit a courtesy copy directly to the Court's chambers.

2. **No later than 11 days before trial**, the parties must file responses to motions in limine.

So ordered this 15th day of September 2026.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE